1  LATHAM & WATKINS LLP
   Steven N. Feldman (Bar No. 281405)
2    *Steve.Feldman@lw.com*
   355 South Grand Avenue, Suite 100
3  Los Angeles, California  90071
   Telephone:  +1.213.485.1234
4  Facsimile:  +1.213.891.8763

5  Douglas E. Lumish (Bar No. 183863)
     *doug.lumish@lw.com*
6  140 Scott Drive
   Menlo Park, California  94025
7  Telephone:  +1.650.328.4600
   Facsimile:  +1.650.463.2600
8
   *Attorneys for Defendant and Third-Party*
9  *Plaintiff Fraser Robinson*

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  VANGUARD LOGISTICS              CASE NO. 2:20-cv-09880-JAK-PVC
    SERVICES (USA), INC., MAN
14  CAPITAL LLP, OTS TOPCO          **DEFENDANT FRASER ROBINSON'S**
    LIMITED, AND JIFFYSHIP CARGO    **OPPOSITION TO MAN CAPITAL,**
15  TECHNOLOGY SOLUTIONS PVT.       **LLP'S MOTION TO DISMISS**

16            Plaintiffs,           Date:    September 11, 2023
17                                  Time:    8:30 a.m.
         v.                         Place:   Courtroom 10B
18
    FRASER ROBINSON AND BEACON      Hon. John A. Kronstadt
19  TECHNOLOGIES, LTD.,

20            Defendants.

21  FRASER ROBINSON,

22            Third-Party Plaintiff,

23       v.

24  MAN CAPITAL LLP,

25            Third-Party Defendant.

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................. 7

II.   LEGAL STANDARD ........................................................................................... 9

III.  ARGUMENT ...................................................................................................... 10

    A.    Mr. Robinson's claims are actionable and timely under English law, which governs his claims. ............................................................ 10

        1.    ManCap provide no basis for the application of California law. ............................................................................ 10

        2.    English law governs under California's conflict-of-law rules and the choice-of-law clauses. ........................................ 12

        3.    Mr. Robinson's counterclaims are actionable and timely under English law. .................................................... 15

    B.    Even under California law, Mr. Robinson's counterclaims are actionable, sufficiently pled, and timely. ........................................... 16

        1.    Mr. Robinson has adequately pled his unjust enrichment and breach of contract claim in the alternative under California law. ........................................................................ 16

        2.    Mr. Robinson's claims are not time barred, even under California law. ........................................................................ 20

IV.  CONCLUSION ................................................................................................... 23

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

## CASES

4

5      *Americeuticals, LLC v. Sebai*,
6         No. CV 13-283 PA, 2013 WL 12155180 (C.D. Cal. Mar. 21, 2013) ................. 9

7      *Ashcroft v. Iqbal*,
8         556 U.S. 662 (2009) ........................................................................... 9

9      *Bekins v. Zheleznyak*,
          No. 2:15-cv-04478-CAS, 2018 WL 3342350 (C.D. Cal. July 6, 2018) ........... 19

10     *Bell Atl. Corp. v. Twombly*,
11        550 U.S. 544 (2007) ........................................................................... 9

12     *Blaser v. State Tchrs.' Ret. Sys.*,
13        37 Cal. App. 5th 349 (2019) .............................................................. 21

14     *Bldg. Union Inv. & Local Dev. Fund v. Dolgen*,
          No. 15cv100-MMA (WVG), 2015 U.S. Dist. LEXIS 192740 (S.D. Cal.
15        Oct. 6, 2015) ................................................................................... 11

16     *Brooks v. Thomson Reuters Corp.*,
17        No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093 (N.D. Cal. Aug.
          16, 2021) ....................................................................................... 16

18     *Bruton v. Gerber Prod. Co.*,
19        703 F. App'x 468 (9th Cir. 2017) ....................................................... 16

20     *Cohen v. Birdsboro Kosher Farms Corp.*,
21        No. CV 16-2958 PSG, 2016 WL 11002547 (C.D. Cal. July 29, 2016) ....... 17, 18

22     *Corbrus, LLC v. 8th Bridge Cap., Inc.*,
23        No. 19-CV-10182-CASAFMX, 2021 WL 2781811 (C.D. Cal. July 1,
          2021) ........................................................................................... 22

24     *Country Visions, Inc. v. MidSouth LLC*,
25        No. 2:15-cv-01740-TLN-CKD, 2016 U.S. Dist. LEXIS 54424 (E.D. Cal.
26        Apr. 21, 2016) ............................................................................... 13

27

28

3

ROBINSON'S OPP. TO MANCAP'S MTD
CASE NO. 2:20-CV-09880-JAK-PVC

*Couveau v. Am. Airlines, Inc.*,
  218 F.3d 1078 (9th Cir. 2000) .......................................................................... 20

*Cruz v. United States*,
  387 F. Supp. 2d 1057 (N.D. Cal. 2005) ........................................................... 14

*Czuchaj v. Conair Corp.*,
  No. 13-1901, 2014 WL 1664235 (S.D. Cal. Apr. 17, 2014) ............................ 11

*Deirmenjian v. Deutsche Bank AG*,
  548 F.Appx. 461 (9th Cir. 2013) ...................................................................... 14

*DeSoto v. Yellow Freight System, Inc.*,
  957 F.2d 655 (9th Cir. 1992) .............................................................................. 9

*ESG Capital Partners, LP v. Stratos*,
  828 F.3d 1023 (9th Cir. 2016) .......................................................................... 16

*Faili v. BAC Home Loans Servicing LP*,
  No. 8:13-CV-1105-JLS, 2014 WL 255704 (C.D. Cal. Jan. 23, 2014) .............. 12

*Farhang v. Indian Inst. of Tech.*,
  No. C-08-02658 (RMW), 2010 WL 519815 (N.D. Cal. Jan. 26, 2010) ........... 15

*Hatfield v. Halifax PLC*,
  564 F.3d 1177 (9th Cir. 2009) ............................................................... 13, 14, 20

*Hoffman v. Citibank (S.D.), N.A.*,
  546 F.3d 1078 (9th Cir. 2008) .......................................................................... 12

*J.P. Morgan Chase Bank, N.A. v. Shea Mortg., Inc.*,
  No. 13-cv-9128 PSG, 2014 WL 12696354 (C.D. Cal. Nov. 14, 2014) ............ 12

*Lehman Bros. Holdings, Inc. v. First Priority Fin., Inc.*,
  No. 12-CV-2500-JAM-KJN, 2013 WL 753495 (E.D. Cal. Feb. 27, 2013) ....... 14

*Longest v. Green Tree Servicing LLC*,
  74 F. Supp. 3d 1289 (C.D. Cal. 2015) ............................................................. 17

*Maisel v. Tootsie Roll Indus., LLC*,
  No. 20-cv-05204-SK, 2021 WL 3185443 (N.D. Cal. July 27, 2021) ............... 19

*McCarthy v. Johannesson*,
  No. CV12-02099-MMM, 2012 WL 12887540 (C.D. Cal. Dec. 11, 2012) ....... 20

4

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ............................................................................. 9

*Microsemi Corp. v. Silicon Networks, Ltd.*,
    No. SA CV 17-1064-DOC, 2017 WL 7201878 (C.D. Cal. Sept. 14, 2017) ........ 9

*Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*,
    No. 4:09-CV-00027-SBA, 2009 WL 3151147 (N.D. Cal. Sept. 25, 2009) ....... 13

*NL Indus., Inc. v. Kaplan*,
    792 F.2d 896 (9th Cir. 1986) ............................................................................... 9

*Novoa v. Geo Grp., Inc.*,
    No. ED CV 17-2514 JGB (SHKx), 2018 WL 3343494
    (C.D. Cal. June 21, 2018) .......................................................................... 19, 20

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
    96 F.3d 1151 (9th Cir. 1996) ............................................................................. 12

*Paredes v. Credit Consulting Servs., Inc.*,
    82 Cal. App. 5th 410 (Ct. App. Aug. 8, 2022) .................................................. 21

*Radu v. Shon*,
    62 F.4th 1165 (9th Cir. 2023) ............................................................................ 10

*Reddy v. Mediscribes, Inc.*,
    No. ED CV 19-1677 JGB (SPx), 2020 U.S. Dist. LEXIS 82867
    (C.D. Cal. Feb. 18, 2020) ...................................................................... 12, 13, 14

*Romero v. Flowers Bakeries, LLC*,
    Case No. 14-cv-05189-BLF, 2015 WL 2125004 (N.D. Cal. May 6, 2015) ...... 17

*Scott Landsbaum, Inc. v. Regus Mgmt. Grp.*,
    LLC, No. CV 21-9525 MWF, 2022 U.S. Dist. LEXIS 238894 (C.D. Cal.
    Sep. 28, 2022) ..................................................................................................... 17

*Sessions v. Prospect Funding Holdings LLC*,
    No. CV 16-02620 SJO, 2018 WL 6038315 (C.D. Cal. May 1, 2018) ............... 13

*Shuman v. SquareTrade Inc.*,
    No. 20-cv-02725-JCS, 2020 WL 7458001 (N.D. Cal. Dec. 18, 2020) ........ 16, 17

5

*St. Paul Mercury Ins. Co. v. Crawford & Co.*,
   No. LA CV16-08462 JAK (JPRx), 2017 U.S. Dist. LEXIS 201026
   (C.D. Cal., June 6, 2017) ....................................................................... 12

*Stoyas v. Toshiba Corp.*, No. 2:15-cv-04194 DDP-JC, 2022 WL 17082663
   (C.D. Cal. Nov. 17, 2022) ..................................................................... 10

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................. 10

*Tan v. Wells Fargo Bank*,
   No. SACV 09-00313-CJC(RNBx), 2010 WL 11526732 (C.D. Cal. Feb.
   23, 2010) ................................................................................................... 9

*Valencia v. Volkswagen Grp. of Am. Inc.*,
   119 F. Supp. 3d 1130 (N.D. Cal. 2015) ............................................... 17

*Valley Children's Hosp. v. Athenahealth, Inc.*,
   No.: 1:21-cv-01439-JLT-EPG, 2022 WL 1321416 ........................... 13

*Vitek v. Bank of Am., N.A.*,
   No. 13-CV-0816 JLS, 2014 WL 1042397 (C.D. Cal. Jan. 23, 2014) ............... 15

*Wu v. Sunrider Corp.*,
   No. CV 17-4825 DSF (SSX), 2017 WL 6880087 (C.D. Cal. Oct. 10, 2017) .... 16

*ZF Micro Devices, Inc. v. TAT Cap. Partners, Ltd.*,
   5 Cal. App. 5th 69 (2016) ...................................................................... 21

**RULES**

Fed. R. Civ. P.
   8(d).......................................................................................................... 17
   8(d)(2)..................................................................................................... 17
   12(b)(6).................................................................................................... 9
   44.1 .................................................................................................... 8, 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINSON'S OPP. TO MANCAP'S MTD
CASE NO. 2:20-CV-09880-JAK-PVC

1    Defendant and Third-Party Plaintiff Fraser Robinson respectfully opposes

2 Man Capital LLP's ("ManCap") Motion to Dismiss the Third-Party Complaint

3 ("Motion," ECF No. 66-1).     Accepting as true the factual allegations in

4 Mr. Robinson's Third-Party Complaint ("TP Compl.," ECF No. 51), and drawing

5 all inferences from the allegations in the light most favorable to Mr. Robinson,

6 ManCap's Motion must be denied because Mr. Robinson plausibly states an unjust

7 enrichment claim and, alternatively, a breach of contract claim against ManCap.

8 **I.    INTRODUCTION**

9    Mr. Robinson's claims against ManCap for unjust enrichment and, in the

10 alternative, breach of contract, are supported by plausible, detailed factual

11 allegations.  He alleges, for example, that he "joined OTS Board meetings and

12 advised on all matters relating to the digital strategy of OTS/Vanguard for a little

13 over twelve months" and that "from January 2018 to July 2018" alone he "spent at

14 least 55 days working with ManCap, Vanguard, and JiffyShip on the development

15 of the JiffyShip business, including collaborating on a business model, plan, hiring,

16 budgeting, and overall strategy." (TP Compl. ¶¶ 51, 53)  Mr. Robinson's services

17 "resulted in ManCap's receipt of a valuable benefit realized in, among other things,

18 Mr. Robinson's "advice and services, attendance at board meetings, attendance at

19 Digital Strategy Committee Meetings, and preparation of a presentation to the OTS

20 Board with a business strategy for JiffyShip." (*Id.* ¶ 54.)  In exchange, "Mr.

21 Robinson expected to be compensated at a flat fee per day of £2,750" for certain

22 services and an annual "fee of £50,000" for other services, which were amounts "that

23 he had previously discussed with the Mansours" and which "represent[] the market

24 value" of his services.  (*Id.* ¶¶ 52, 53.)  Mr. Robinson performed the work, but

25 ManCap never paid him.

26    Rather than acknowledge these plainly sufficient allegations, ManCap's

27 motion is littered with new allegations and insinuations about Mr. Robinson's "true

28 intentions." (*See, e.g.*, Mot. at 2.)  These allegations, purportedly included "to

7

1 provide additional context," are improper and cannot be considered at the motion to

2 dismiss stage. (*Id.* at 1 n.1.) Even ignoring these improper attempts to change the

3 narrative and influence the Court's perception of Mr. Robinson, ManCap's motion

4 to dismiss suffers from two other fundamental flaws and must be denied.

5 *First*, ManCap gets the law wrong. ManCap tries, with no explanation or

6 analysis, to apply California law to Mr. Robinson's counterclaims. Yet, as Vanguard

7 previously conceded, the law of England and Wales ("English law") applies to

8 claims arising from the alleged Confidentiality and Consulting Agreements that form

9 the basis of Plaintiffs' breach of contract claims, and likewise applies to Mr.

10 Robinson's counterclaims. (ECF No. 20, Pl. Opp. to First MTD at 24; *see also* ECF

11 No. 39, MTD Order at 23.) The relevant English law is set forth in the concurrently-

12 filed declaration of Professor Davies, pursuant to Federal Rule of Civil Procedure

13 44.1. Under English law, which applies a six-year statute of limitations for contract

14 and unjust enrichment claims, Mr. Robinson's claims are actionable and timely.

15 *Second*, even if California law did apply (it does not) ManCap's application

16 of it is fatally flawed. ManCap argues there is "no cause of action for unjust

17 enrichment" under California law (Mot. at 8), and paradoxically, that Mr.

18 Robinson's claim is barred by California's two-year statute of limitations for unjust

19 enrichment claims arising under quasi-contract theories (*id.* at 11-12). This

20 argument fails for a number of reasons. ManCap's argument that there is no cause

21 of action for unjust enrichment relies on outdated precedent and has been expressly

22 rejected by the Ninth Circuit and this Court. But even the outdated authorities

23 ManCap cites show that unjust enrichment claims are properly pled as an alternative

24 to contract claims, as Mr. Robinson has done here. ManCap ignores this and makes

25 meritless, blanket assertions that Mr. Robinson does not allege "any well-pleaded

26 facts" that state the benefit ManCap received, and has not sufficiently pled

27 performance. (Mot. at 10, 15.) This does not engage with the specific, well-pleaded

28 facts laid out in Mr. Robinson's counterclaims, some of which are conceded in

8

1  Plaintiffs' Amended Complaint.  And even assuming California's two-year statute

2  of limitations applies—which it does not—Mr. Robinson's claims were equitably

3  tolled and are timely.

4      For these reasons, and those set forth herein, the Court should deny ManCap's

5  motion in full.

6  ## II.    LEGAL STANDARD

7      "To survive a motion to dismiss, a complaint must contain sufficient factual

8  matter, accepted as true, to state a claim to relief that is plausible on its face."

9  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering whether a complaint is

10  sufficient to state a claim, courts take all material allegations as true and construe

11  them in the light most favorable to Plaintiffs.  *NL Indus., Inc. v. Kaplan*, 792 F.2d

12  896, 898 (9th Cir. 1986).  A Rule 12(b)(6) dismissal is proper "only where the

13  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

14  legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th

15  Cir. 2008).

16      A complaint need contain only a "short and plain statement of the claim

17  showing that the pleader is entitled to relief."  *Tan v. Wells Fargo Bank*, No. SACV

18  09-00313-CJC(RNBx), 2010 WL 11526732, at *1 (C.D. Cal. Feb. 23, 2010).

19  Motions to dismiss should be denied if the complaint contains "direct or inferential

20  allegations respecting all the material elements" showing that the complainant may

21  be entitled to recovery "under some viable legal theory."  *Americeuticals, LLC v.

22  Sebai*, No. CV 13-283 PA (JEMx), 2013 WL 12155180, at *2 (C.D. Cal. Mar. 21,

23  2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)).

24      Moreover, "[t]he Ninth Circuit has a liberal policy favoring amendments;

25  thus, leave to amend should be freely granted."  *Microsemi Corp. v. Silicon

26  Networks, Ltd.*, No. SA CV 17-1064-DOC (JDEx), 2017 WL 7201878, at *3 (C.D.

27  Cal. Sept. 14, 2017) (citing *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655,

28  658 (9th Cir. 1992).  Dismissal without leave to amend is appropriate only when the

1    court is satisfied that the deficiencies in the complaint could not possibly be cured

2    by amendment. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

3    　　　Additionally, when determining issues of foreign law, "courts may consider

4    any relevant material or source." Fed. R. Civ. P. 44.1. And "[a] determination of

5    foreign law based on Rule 44.1 is treated as a ruling on a question of law, and the

6    materials considered need not be otherwise admissible under the Federal Rules of

7    Evidence." *Stoyas v. Toshiba Corp.*, No. 2:15-cv-04194 DDP-JC, 2022 WL

8    17082663, at *1 (C.D. Cal. Nov. 17, 2022). While courts can consider any relevant

9    material, "'expert testimony accompanied by extracts from foreign legal materials

10   has been and will likely continue to be the basic mode of proving foreign law.'"

11   *Radu v. Shon*, 62 F.4th 1165, 1173 (9th Cir. 2023).

12   **III.    ARGUMENT**

13   　　**A.    Mr. Robinson's claims are actionable and timely under English**

14   　　　　　　**law, which governs his claims.**

15   　　　ManCap provides no basis to dismiss Mr. Robinson's claims, which are

16   governed by English law. Instead, ManCap baldly assumes, with no explanation or

17   analysis, that California law applies to the counterclaims. Not so. As an initial

18   matter, the fact that ManCap provides no conflict-of-law analysis warrants denial of

19   the motion on its face. Additionally, to the extent the conflict-of-law issue is

20   undecided, ManCap is wrong and English law would apply. Mr. Robinson's claims

21   are actionable and timely under English law, and ManCap has offered no argument

22   the contrary. As a result, the motion should be dismissed in its entirety.

23   　　　　　**1.    ManCap provide no basis for the application of California**

24   　　　　　　　**law.**

25   　　　ManCap argues that Mr. Robinson cannot assert unjust enrichment claims

26   under California law, yet California law does not govern Mr. Robinson's claims.

27   Plaintiffs, Defendants, and the Court have all indicated that English law applies to

28   claims concerning Mr. Robinson's services. Indeed, in prior briefing, Vanguard

1   conceded the applicability of English law to its contract-based claims, and only

2   argued that federal or California law would govern the claims of "intentional

3   misrepresentation and fraud, misappropriation of trade secrets . . . intentional

4   interference, and the UCL." (Pl. Opp. to First MTD at 24; *see also* MTD Order at

5   23.) While Defendants dispute whether U.S. law applies to those claims, both parties

6   agree that English law applies to Plaintiffs' claims for breach of the alleged

7   Confidentiality and Consulting Agreements, breach of the implied covenant of good

8   faith and fair dealing, breach of fiduciary duty and duty of loyalty, and promissory

9   estoppel. Indeed, the Court acknowledged in its previous order that, "some claims

10  will be governed by federal or California law and others by the laws of England and

11  Wales." (MTD Order at 23.) Despite the Court's warning, and Vanguard's prior

12  agreement, ManCap provides no justification for the application of California law to

13  these claims. This fundamental oversight independently warrants denial of

14  ManCap's motion.

15       But even if the conflict-of-law analysis was unsettled on these claims, the

16  Court would still not need to conduct a conflict-of-law analysis at this stage because

17  ManCap's failure to provide a justification for using California law independently

18  justifies denial of its motion to dismiss. *Czuchaj v. Conair Corp.*, No. 13-1901, 2014

19  WL 1664235, at *8-9 (S.D. Cal. Apr. 17, 2014) (denying motion to dismiss where

20  the moving party "offer[ed] a single page of analysis of the choice of law issue in its

21  motion to dismiss" and only "briefly note[d] differences in the statutes of

22  limitations."); *Bldg. Union Inv. & Local Dev. Fund v. Dolgen*, No. 15cv100-MMA

23  (WVG), 2015 U.S. Dist. LEXIS 192740, at *10 (S.D. Cal. Oct. 6, 2015)

24  ("Defendants do not meet their burden of demonstrating under California's choice-

25  of-law analysis that Michigan law is contrary to a fundamental policy of California,

26  and that California has a materially greater interest in the determination of this

27  issue."). Here, where ManCap's motion does not address the issue at all, even

28  though it has been raised previously, the Court can reject the motion in its entirety.

*St. Paul Mercury Ins. Co. v. Crawford & Co.*, NO. LA CV16-08462 JAK (JPRx), 2017 U.S. Dist. LEXIS 201026, at *11 (C.D. Cal., June 6, 2017) (denying motion to dismiss oral contract and unjust enrichment claims under California law because "the choice of law analysis cannot be conducted at this time"); *Faili v. BAC Home Loans Servicing LP*, No. 8:13-CV-1105-JLS (ANx), 2014 WL 255704, at *10-12 (C.D. Cal. Jan. 23, 2014) (holding claim of unjust enrichment was "adequately pleaded under California law, Florida law, and Texas law, the Court declines to determine at this stage which law or laws apply").

### 2.    English law governs under California's conflict-of-law rules and the choice-of-law clauses.

The Court has supplemental jurisdiction over Mr. Robinson's counterclaims, and therefore must apply the choice-of-law rules of California. *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996) ("In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state—in this case, California."); *see also Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) ("Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations.").  Here, California's conflict-of-law analysis requires the application of English law.

The governing law clauses in both the alleged Confidentiality and Consulting Agreements unambiguously require application of English law to both Plaintiffs' claims and these counterclaims.  (Mot. Ex. A ("This agreement shall be governed by and construed in accordance with the law of England and Wales . . ."); *see also* Mot. Ex. B at 7.)  California courts have "a strong policy favoring enforcement of such provisions." *J.P. Morgan Chase Bank, N.A. v. Shea Mortg., Inc.*, No. 13-cv-9128 PSG, 2014 WL 12696354, at *3 (C.D. Cal. Nov. 14, 2014)  In fact, such provisions are uniformly enforced unless there is no reasonable basis for the parties' choice of law. *Reddy v. Mediscribes, Inc.*, No. EDCV 19-1677 JGB (SPx), 2020 U.S. Dist.

12

LEXIS 82867, at *8 (C.D. Cal. Feb. 18, 2020) (holding that there is a "reasonable basis for the parties' choice of law" where "one of the parties resides in the chosen state."). Unsurprisingly, California courts have enforced numerous, nearly identical, conflict-of-law clauses and have held that they were clear and unambiguous. *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009) (holding a choice-of-law provision that "provides that the agreement 'shall be governed by and construed under English law,' could not be clearer."); *Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*, No. 4:09-CV-00027-SBA, 2009 WL 3151147, at *6 (N.D. Cal. Sept. 25, 2009) (holding choice-of-law clause was enforceable where it provided the agreement "shall be governed and construed in accordance with the laws of Taiwan, Republic of China."). This clause is clear and unambiguous regardless of the words missing from the second half of the provision, which relates to venue not the choice-of-law. *Valley Children's Hosp. v. Athenahealth, Inc.*, No.: 1:21-cv-01439-JLT-EPG, 2022 WL 1321416, *3 (holding forum selection clause was not ambiguous even where "some words have been omitted from the sentence" and it was "grammatically incomplete."). As a result, the Court should apply the choice-of-law provisions here.

Indeed, California courts have enforced similar governing law provisions in procedurally identical circumstances where, as here, the defendant has contested the validity of the contracts and was asserting unjust enrichment counterclaims. *Sessions v. Prospect Funding Holdings LLC*, No. CV 16-02620 SJO (DTBx), 2018 WL 6038315, at *6 (C.D. Cal. May 1, 2018) (applying the choice-of-law provision to defendants' counterclaims for unjust enrichment even though "the parties dispute whether or not the subject contract is valid"); *Country Visions, Inc. v. MidSouth LLC*, No. 2:15-cv-01740-TLN-CKD, 2016 U.S. Dist. LEXIS 54424, at *16 (E.D. Cal. Apr. 21, 2016) (applying the choice-of-law provision to defendants' counterclaim for unjust enrichment, even though defendants disputed the enforceability of the

1  contract).[1]  English law, therefore, governs Mr. Robinson's claims and the applicable

2  statute of limitations.  *Hatfield,* 564 F.3d at 1183  (applying choice-of-law provision

3  and the six-year English limitations period instead of four-year California limitations

4  period); *Lehman Bros. Holdings, Inc. v. First Priority Fin., Inc.*, No. 12-CV-2500-

5  JAM-KJN, 2013 WL 753495, at *3 (E.D. Cal. Feb. 27, 2013) (applying the choice-

6  of-law provision's six-year New York statute of limitations period instead of four-

7  year California limitations period).

8        ManCap has not articulated any reason to oppose enforcement of the choice-

9  of-law clauses and, consequently, its motion fails.  *Reddy,* 2020 U.S. Dist. LEXIS

10  82867, at *8  (The party that is "opposed to the enforcement of the choice-of-law

11  clause bears the burden of establishing that enforcement of the clause would be

12  'contrary to fundamental policy' of California, or that California has a 'materially

13  greater interest' in the determination of the issues presented.").  ManCap cannot

14  oppose application of the choice-of-law provision here as a legal and equitable

15  matter.  Indeed, the Parties have previously acknowledged that English law applies

16  to these types of claims.  (Pl. Opp. to First MTD at 24; *see also* MTD Order at 23.)

17        Even if that were not the case, Plaintiffs have each alleged that the

18  Confidentiality and Consulting Agreements are valid contracts between ManCap

19  and Robinson, and that "Vanguard, OTS Topco, and JiffyShip" were each the

20

21  [1]    Even if the Court declines to apply the conflict of law provisions here, English

22  law would still apply to Mr. Robinson's counterclaims, because they are between a UK resident (TP Compl. ¶ 9) and a UK corporation (*id.* ¶ 10).  *Deirmenjian v.*

23  *Deutsche Bank AG*, 548 F.Appx. 461, 465 (9th Cir. 2013) (applying Turkish law to unjust enrichment claims under a governmental interest analysis where plaintiff and

24  defendant were both residents of Turkey because "Turkey's interests in applying its laws to conduct that occurred within its borders, in dissuading forum shopping, and

25  in regulating suits against companies doing business there predominate over California's interests."); *Cruz v. United States*, 387 F. Supp. 2d 1057, 1084 (N.D.

26  Cal. 2005) (applying Mexican law to unjust enrichment claims because, inter alia, "[t]he nationality of all the parties, at least at the time the unjust enrichment

27  originally occurred, was Mexican.").

28

14

"intended and direct beneficiaries" of one or both of the contracts.  (ECF No. 63, Am. Compl. ¶¶ 103, 111, 120).  As a result, they are subject to the choice-of-law clauses.  *Farhang v. Indian Inst. of Tech.*, No. C-08-02658 (RMW), 2010 WL 519815, at \*6-8 (N.D. Cal. Jan. 26, 2010) (holding forum selection clause in the NDA would apply if plaintiff "successfully plead third party beneficiary status to the NDA").  Even if the Plaintiffs were not alleged beneficiaries or parties to the NDA, the choice-of-law provision would still control Mr. Robinson's claims against ManCap.  *Vitek v. Bank of Am., N.A.*, No. 13-CV-0816 JLS (ANx), 2014 WL 1042397, \*6 n. 4 (C.D. Cal. Jan. 23, 2014) ("Plaintiff argues that the choice of law provision should not apply to its California UCL claim against Insurance Defendants, as they are not parties to the contract.  However, the choice of law provision 'encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized,' and Plaintiff is a party to the contract and its claims against Insurance Defendants stem from that agreement for the reasons stated above").  As a result, the Court should hold that English law applies pursuant to the governing law clause.

### 3.  Mr. Robinson's counterclaims are actionable and timely under English law.

ManCap's motion to dismiss does not provide any justification, under English law, for dismissal of Mr. Robinson's claims.  Indeed it cannot.  As Professor Davies' Declaration makes clear, unjust enrichment is a valid standalone cause of action under English law.  (Davies Decl. ¶ 2.)  And English law provides a six-year statute of limitations for both claims in unjust enrichment and breach of contract claims.  (*Id.* ¶ 9.)  Indeed, under English law, parties are also permitted to pursue claims in unjust enrichment and contract claims in the alternative, as Mr. Robinson does here.  (*Id.* ¶ 11.)  Accordingly, the court should find that Mr. Robinson's claims are actionable and timely as a matter of English law.

**B.**     **Even under California law, Mr. Robinson's counterclaims are actionable, sufficiently pled, and timely.**

Even if the Court applied California law here, ManCap's arguments still fail. As an initial matter, ManCap's argument that there is no cause of action for unjust enrichment under California law is spurious at best. This Court, and others in the Ninth Circuit, have expressly rejected this argument and held that it relies on outdated precedent. *Wu v. Sunrider Corp.*, No. CV 17-4825 DSF (SSX), 2017 WL 6880087, at *4 (C.D. Cal. Oct. 10, 2017) ("Defendants rely on outdated precedent. As the Ninth Circuit noted, the California Supreme Court has recently clarified that unjust enrichment may be sustained as a stand-alone cause of action."); *Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093, at *36 (N.D. Cal. Aug. 16, 2021) ("The Court rejects Thomson Reuters's argument that unjust enrichment is not a standalone cause of action and thus cannot be asserted, because that argument is based on outdated law."). As a result, the Ninth Circuit has allowed claims for unjust enrichment "as an independent cause of action or a quasi-contract claim for restitution." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *see also Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (noting California law "allow[s] an independent claim for unjust enrichment to proceed"). The Court should reach the same conclusion here.

**1.     <u>Mr. Robinson has adequately pled his unjust enrichment and breach of contract claim in the alternative under California law.</u>**

Perhaps in recognition that their previous argument was contrary to settled law, ManCap next argues that unjust enrichment claims *are viable* under California law, but should be dismissed here because there is an enforceable contract. This argument fails as well because the law is clear that "even though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative." *Shuman v. SquareTrade Inc.*, No. 20-cv-02725-JCS, 2020

16

WL 7458001, at *7 (N.D. Cal. Dec. 18, 2020) (denying motion to dismiss unjust enrichment claim "[b]ecause there are disputes about the existence and scope of the express contract upon which Shuman's breach of contract claim is based."); *Scott Landsbaum, Inc. v. Regus Mgmt. Grp.*, LLC, No. CV 21-9525 MWF (JPRx), 2022 U.S. Dist. LEXIS 238894, at *4-5 (C.D. Cal. Sep. 28, 2022) (holding unjust enrichment claim was "properly pled in the alternative" and was viable as a "independent claim for unjust enrichment"); *Longest v. Green Tree Servicing LLC*, 74 F. Supp. 3d 1289, 1302 (C.D. Cal. 2015) (declining to dismiss unjust enrichment claims where plaintiff had "expressly invoke[d] the alternative pleading permitted by Rule 8(d)" and "pleaded their contract and unjust enrichment claims in the alternative).

Indeed, California courts allow unjust enrichment claims at the pleading stage even where they are duplicative of other claims. *Romero v. Flowers Bakeries, LLC*, Case No. 14-cv-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015) (permitting an unjust enrichment claim even though it might be duplicative of the plaintiff's other claims under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act); *Valencia v. Volkswagen Grp. of Am. Inc.*, 119 F. Supp. 3d 1130, 1143 (N.D. Cal. 2015) ("plaintiffs are permitted to plead an unjust enrichment claim in the alternative, *see* Fed. R. Civ. P. 8(d)(2), even if, as here, it is questionable whether that alternative claim provides any prospect for relief independent of the causes of action already alleged.").

ManCap also claims that both the contract and unjust enrichment claims do not sufficiently "plead performance of contractual obligations" or "state the benefit that ManCap received." (Mot. at 10, 15-16.) This argument is easily rejected when all of the facts in the Third-Party Complaint are properly considered. As an initial matter, because Mr. Robinson alleges unjust enrichment and breach of contract as alternative theories, "the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see also Cohen v. Birdsboro Kosher Farms Corp.*, No. CV 16-

17

1    2958 PSG (JPRx), 2016 WL 11002547, at *6 (C.D. Cal. July 29, 2016) (holding

2    "complaint alleges sufficient factual matter to state a claim" where "Cohen alleges

3    that an express corporate guaranty bound BKF. Alternatively, Cohen functionally

4    alleges that if the guaranty were found unenforceable, BKF would still be liable to

5    Cohen for restitution under a theory of unjust enrichment.").

6        Here, Mr. Robinson has adequately alleged his performance and stated the

7    benefit received by ManCap. Mr. Robinson alleges that he performed his obligations

8    by:

9    •    "advising ManCap [beginning] in December 2017 on digital strategy"

10           (TP Compl. ¶ 25);

11    •    attending 3-4 meetings at ManCap's office in London relevant to

12           JiffyShip and digital strategy (*id.* ¶ 26);

13    •    "work[ing] for ManCap an average of one or two days a week"

14           including occasionally from "ManCap's office in London" (*id.* ¶ 27);

15    •    joining the "Digital Steering Committee" created by ManCap and

16           "present[ing] updates and recommendations concerning JiffyShip" (*id.*

17           ¶ 28);

18    •    traveling to Vanguard's Long Beach office, to facilitate the discussion

19           between JiffyShip and Vanguard at ManCap's request (*id.* ¶¶ 29, 30);

20    •    "spen[ding] at least 55 days" between January and July 2018 "working

21           with ManCap, Vanguard, and JiffyShip on the development of the

22           JiffyShip business, including collaborating on a business model, plan,

23           hiring, budgeting, and overall strategy" (*id.* ¶ 51);

24    •    "join[ing] OTS Board meetings and advised on all matters relating to

25           the digital strategy of OTS/Vanguard" and prepared "a presentation to

26           the OTS Board with a business strategy for JiffyShip" (*id.* ¶¶ 53, 54);

27    •    and "perform[ing] all obligations required by him under the contract"

28           (*id.* ¶ 51).

18

1    As Mr. Robinson alleges in his complaint, his performance of these services

2  resulted in ManCap receiving a "valuable benefit, realized in, among other things,

3  Mr. Robinson's ongoing advice and services, attendance at board meetings,

4  attendance at Digital Strategy Committee Meetings and preparation of a presentation

5  to the OTS Board with a business strategy for JiffyShip." (*Id.* ¶ 54.)[2]

6    Indeed, the Amended Complaint concedes this, and explicitly acknowledges

7  that Mr. Robinson performed beginning in December 2017 by "serving on the board,

8  serving with the Digital Steering Committee, and performing duties as a consultant

9  and advisor, all for the purpose of guiding the development and direction of

10  Vanguard's new online platform and digital strategy." (Am. Compl. ¶¶ 36, 42.)

11    Taking Mr. Robinson's allegations as true, and ManCap's allegations in its

12  Amended Complaint as an admission, it is clear that Mr. Robinson has more than

13  sufficiently alleged performance and benefit at the pleading stage. *Bekins v.*

14  *Zheleznyak*, No. 2:15-cv-04478-CAS (ASx), 2018 WL 3342350 at *4 (C.D. Cal.

15  July 6, 2018) (holding "the cross-complaint states a claim for breach of contract"

16  where cross-claimant alleged he "provided consulting services and thus performed

17  his contractual obligations" and alleged that neither cross-defendant "paid Becker

18  for his work nor reimbursed him for his business expenses as promised"); *Maisel v.*

19  *Tootsie Roll Indus., LLC*, No. 20-cv-05204-SK, 2021 WL 3185443, at *6 (N.D. Cal.

20  July 27, 2021) ("Here, Plaintiff has alleged that Defendant received and retained an

21  economic benefit from the sale of wrongly underfilled products to Plaintiffs. These

22  allegations are sufficient to state a claim for unjust enrichment."); *Novoa v. Geo*

23  *Grp., Inc.*, No. EDCV 17-2514 JGB (SHKx), 2018 WL 3343494, at *14 (C.D. Cal.

24

25  [2]    This detailed pleading by Mr. Robinson stands in sharp contrast to Plaintiffs'
26  pleadings regarding their own performance which do not address ManCap's
    contractual obligations and only allege that "Vanguard, OTS Topco, and JiffyShip"
27  had "no obligations" and "no conditions required" for their performance under the
28  contracts. (Am. Compl. ¶¶ 102, 112, 113.)

1   June 21, 2018) ("Plaintiff alleges the detainees were compensated at $1 per day

2   regardless of the hours worked, and GEO financially benefitted from not having to

3   pay California's minimum wage.  These allegations are sufficient to state a claim for

4   unjust enrichment.").

5              **2.        Mr. Robinson's claims are not time barred, even under**

6                         **California law.**

7        Lastly, ManCap alleges that Mr. Robinson's counterclaims are time-barred.

8   This fails as well, even under California law.  Barring claims on the basis of the

9   statute of limitations or laches is not appropriate at the motion to dismiss stage with

10  facts alleged here.  *McCarthy v. Johannesson*, No. CV12-02099-MMM (PLAx),

11  2012 WL 12887540, at *5 (C.D. Cal. Dec. 11, 2012) ("When a motion to dismiss is

12  based on the running of the statute of limitations, it can be granted only if the

13  assertions of the complaint, read with the required liberality, would not permit the

14  plaintiff to prove that the statute does not bar his claims.").  Indeed, the Ninth Circuit

15  has made clear that given the factual nature of the application of laches, this defense

16  is rarely appropriate even at the motion for summary judgment stage, much less a

17  motion to dismiss.  *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir.

18  2000) ("Because the application of laches depends on a close evaluation of all the

19  particular facts in a case, it is seldom susceptible of resolution by summary

20  judgment.").  This is particularly true here.

21       Under California law, Mr. Robinson's claims were equitably tolled when

22  Vanguard filed its original complaint.  California's equitable tolling rules provide

23  that a plaintiff's filing of a complaint suspends the running of the statute of

24  limitations as to any claims later brought against it by defendants.  *Hatfield*, 564 F.3d

25  at 1188. ("[U]nder well-established principles governing civil litigation [in

26  California], the plaintiff's filing of a complaint suspends the running of the statute

27  of limitations as to any claims by the defendant against the plaintiff that are not time-

28

1  barred when the action is filed."); *Blaser v. State Tchrs.' Ret. Sys.*, 37 Cal. App. 5th
2  349, (2019) (collecting cases).

3      Here, since Plaintiffs filed their claims on October 27, 2020, all statutes of
4  limitations are suspended as of that date and subsequently-filed counterclaims are
5  still timely.  The fact that ManCap was not an original Plaintiff, despite being a
6  necessary party, does not change this outcome because ManCap stipulated to joining
7  as a Plaintiff.  ECF No. 60, Order re Joint Stip at 1 ("Man Capital LLP . . . will be
8  joined to this action as additional plaintiffs" and "will file an Amended
9  Complaint."); *Paredes v. Credit Consulting Servs., Inc.*, 82 Cal. App. 5th 410, 430
10  (Ct. App. Aug. 8, 2022) (explaining that "the rationale for the doctrine" is "that by
11  filing the complaint 'the plaintiff has thereby waived the [statute of limitations
12  defense] and permitted the defendant to make all proper defenses to the cause of
13  action pleaded'").  Indeed, California courts apply this doctrine broadly, including
14  in cases involving permissive cross-claims.  *ZF Micro Devices, Inc. v. TAT Cap.*
15  *Partners, Ltd.*, 5 Cal. App. 5th 69, 92 (2016) (holding the tolling rule applies
16  "irrespective of whether [a defendant's counterclaim] is related to the matters
17  asserted in the complaint"—that is, regardless of whether it is a compulsory or
18  permissive counterclaim.); *Paredes*, 82 Cal. App. 5th at 431 ("Whether the cross-
19  complaint is construed as compulsory … or permissive … , [it] 'is entitled to the
20  benefit of the tolling doctrine.'").

21      As a result, Mr. Robinson's claim for unjust enrichment is timely, under even
22  the earliest date ManCap allege the limitations period began to run.  Here, the earliest
23  possible date ManCap claims that Mr. Robinson "knew (or should have known)"
24  that "he would not be paid for work" was when he "parted ways with ManCap and
25  founded Beacon in fall 2018."  (Mot. at 12.)  Even setting aside the fact that this
26  mischaracterizes the allegations in the Third-Party Complaint, which plainly allege
27  Mr. Robinson continued to perform work for Plaintiffs through December 2018 (TP
28  Compl. ¶¶ 3, 7, 42, 53), this is insufficient.  ManCap does not specify the date it

21

alleges the statute of limitations began to run in the "fall of 2018," but broadly references the fact that Mr. Robinson "founded Beacon in fall 2018." (Mot. at 12.) Even if this was sufficient notice to begin tolling of the limitations period, which it is not, the parties agree that Mr. Robinson founded Beacon's predecessor company on November 7, 2018. (TP Compl. ¶ 39; Am. Compl. ¶ 48.) Since Plaintiffs filed their claims on October 27, 2020, less than two years later, Mr. Robinson's claims were equitably tolled and are timely even using this date.

In reality, as ManCap tacitly acknowledges, Mr. Robinson was not on notice that ManCap would refuse to pay him until much later in October 2020, after Plaintiffs' counsel sent him a demand letter. (Mot. at 13.) Indeed, ManCap's Motion fails to show adequate inquiry notice sufficient to warrant dismissal. *Corbrus, LLC v. 8th Bridge Cap., Inc.*, No. 19-CV-10182-CASAFMX, 2021 WL 2781811, at *10 (C.D. Cal. July 1, 2021) (denying motion for summary judgment on unjust enrichment claims where "[i]n light of this evidence and these disputed factual issues, the Court cannot, at this juncture, determine as a matter of law that Corbrus was on inquiry notice regarding its alleged injury in the form of non-payment before November 6, 2017 just over two years before this action was filed on November 30, 2019—or should be faulted for failing to exercise reasonable diligence to discover its injury sooner.")

The Court should conclude that Mr. Robinson's claims were equitably tolled and are timely, even under California law.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **IV.    CONCLUSION**

2          For the foregoing reasons, ManCap's Motion to Dismiss should be denied.  In

3    the alternative, Mr. Robinson respectfully requests leave to amend be granted.

4

5    Dated:  July 17, 2023                 LATHAM & WATKINS LLP

6                                                  Steven N. Feldman
                                                   Douglas E. Lumish

7

8                                  By: */s/ Steven N. Feldman*
                                            Steven N. Feldman

9

10                                 *Attorneys for Defendant and Third-*
                                   *Party Plaintiff Fraser Robinson*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Fraser Robinson certifies that this brief

3  contains 22 pages, which:

4      ____ complies with the word limit of L.R. 11-6.1.

5       X  complies with the word limit set by court order dated November 3, 2020.

6

7

8  Dated:  July 17, 2023                    LATHAM & WATKINS LLP

9                                           By: */s/ Steven N. Feldman*

10                                              Steven N. Feldman

11                                           *Attorneys for Defendant and Third-*
                                             *Party Plaintiff Fraser Robinson*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28