LATHAM & WATKINS LLP
Steven N. Feldman (Bar No. 281405)
  Steve.Feldman@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Douglas E. Lumish (Bar No. 183863)
  doug.lumish@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

*Attorneys for Defendant and Third-Party Plaintiff Fraser Robinson*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC., MAN CAPITAL LLP, OTS TOPCO LIMITED, AND JIFFYSHIP CARGO TECHNOLOGY SOLUTIONS PVT., <br><br> Plaintiffs, <br><br> v. <br><br> FRASER ROBINSON AND BEACON TECHNOLOGIES, LTD., <br><br> Defendants. <br><br> FRASER ROBINSON, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MAN CAPITAL LLP, <br><br> Third-Party Defendant. | CASE NO. 2:20-cv-09880-JAK-PVC <br><br> **DECLARATION OF PROFESSOR PAUL DAVIES IN SUPPORT OF DEFENDANT FRASER ROBINSON'S OPPOSITION TO MAN CAPITAL, LLP'S MOTION TO DISMISS** <br><br> Date: September 11, 2023 <br> Time: 8:30 a.m. <br> Place: Courtroom 10B <br><br> Hon. John A. Kronstadt |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DAVIES DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS
CASE NO. 2:20-CV-09880-JAK-PVC

# **DECLARATION OF PAUL DAVIES**

I, Professor Paul Davies, declare as follows:

1. I am Professor of Commercial Law at University College London and a Barrister at Essex Court Chambers, London. I have appeared as counsel before all levels of court in England and Wales, and acted as an expert witness on English law in both arbitrations and foreign litigation. I have published widely on different aspects of private law; more than 20 of my publications have been cited judicially, including by appellate courts in England and Wales, Australia, Canada, New Zealand and Singapore. My research has been recognised through the Inner Temple Book Prize in 2018 ("which celebrates and rewards outstanding contributions to the understanding of law") and a Philip Leverhulme Prize in 2020 (which "recognises the achievement of outstanding researchers whose work has already attracted international recognition and whose future career is exceptionally promising"). I have written on various aspects of the law of unjust enrichment and the law of contract, and taught graduate courses on "Unjust Enrichment" in Cambridge, Oxford and London. A full copy of my CV is attached to this declaration at Exhibit A.

2. It is clear that the law in England and Wales ("English law") recognises unjust enrichment as a valid cause of action. This was put beyond doubt in 1991 by the decision of the House of Lords in *Lipkin Gorman v Karpnale Ltd* [1991] 2 AC 548 (see eg Lord Goff at p.578). Unjust enrichment is a standalone cause of action. As Lord Steyn observed in *Banque Financière de la Cité v Parc (Battersea) Ltd* [1991] 1 AC 221 at 227: "unjust enrichment ranks next to contract and tort as part of the law of obligations. It is an independent source of rights and obligations".

3. The core elements of a claim in unjust enrichment have recently been reiterated by the Supreme Court in *Barton v Morris* [2023] UKSC 3, [2023] AC 684 at [77] (Lady Rose) and at [228] (Lord Burrows). It is necessary for the

1   claimant to show that: (1) the defendant has been enriched; (2) the enrichment was
2   at the claimant's expense; and (3) there is an "unjust factor" or "ground of
3   restitution" which means that the defendant's enrichment was unjust. If those 3
4   core elements are established, then it must be considered whether any defences are
5   available to the defendant.

6   4. Unlike many civil law jurisdictions, English law insists upon an
7   "unjust factor" to trigger a claim in unjust enrichment (*Samsoondar v Capital
8   Insurance Company Ltd* [2020] UKPC 33, [2021] 2 All ER 1105 at [19]-[20] (Lord
9   Burrows)). In *Dargamo Holdings Ltd v Avonwick Holdings Ltd* [2021] EWCA Civ
10  1149, [2022] 1 All ER (Comm) 1244 at [58] Carr LJ said: "Examples of unjust
11  factors include mistake, duress, undue influence, failure of consideration, necessity
12  and legal compulsion. These unjust factors are recognised because they establish
13  that the claimant did not intend the defendant to receive a benefit in the
14  circumstances, either because the claimant never had an intent to benefit the
15  defendant in those circumstances or the intent was vitiated or qualified in some
16  way."

17  5. The unjust factor of "failure of consideration" is often known as
18  "failure of basis" (*Dargamo Holdings Ltd v Avonwick Holdings Ltd* [2021] EWCA
19  Civ 1149, [2022] 1 All ER (Comm) 1244 at [77]-[78] (Carr LJ); *Barton v Morris*
20  [2023] UKSC 3, [2023] AC 684 at [78] (Lady Rose) and at [231] (Lord Burrows)).
21  Nothing turns on the label used. But the substance is important. "The core concept
22  of 'failure of basis' is that a benefit has been conferred on a joint understanding
23  that the recipient's right to retain it is conditional. If the condition is not fulfilled,
24  the recipient must return the benefit" (*Dargamo Holdings Ltd v Avonwick Holdings
25  Ltd* [2021] EWCA Civ 1149, [2022] 1 All ER (Comm) 1244 at [79] (Carr LJ),
26  cited with approval in *Barton v Morris* [2023] UKSC 3, [2023] AC 684 at [78]
27  (Lady Rose)).
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DAVIES DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS
CASE NO. 2:20-CV-09880-JAK-PVC

6. Where a claimant provides services to the defendant in the expectation of a contract which fails to materialise, then the defendant may be liable to make restitution to the claimant in unjust enrichment on the ground of failure of basis (*Benedetti v Sawiris* [2013] UKSC 50, [2014] AC 938; *Cobbe v Yeoman's Row Management Ltd* [2008] UKHL 55, [2008] 1 WLR 1752). This is because the benefit conferred on the defendant by the claimant was only provided on the joint understanding that a contract would be entered into. Since that anticipated contract never materialised, the condition upon which the benefit was conferred has not been fulfilled, and the defendant must return the benefit due to a failure of basis.

7. Although a claim in unjust enrichment might be excluded where the defendant's obligation to pay for the benefit provided by the claimant is governed by a contract (*Barton v Morris* [2023] UKSC 3, [2023] AC 684), whether a contract truly does exclude the possibility of a claim in unjust enrichment will depend upon the proper interpretation of the contract (*Dargamo Holdings Ltd v Avonwick Holdings Ltd* [2021] EWCA Civ 1149, [2022] 1 All ER (Comm) 1244). A claim in unjust enrichment may still succeed even where a valid contract has been performed, if that would not disturb the contractual allocation of risk (*Barnes v Eastenders Cash & Carry plc* [2014] UKSC 26, [2015] AC 1). It follows that a contract which does not govern the subject matter of the claim will not defeat a claim in unjust enrichment.

8. A claim for restitution in unjust enrichment on the ground of failure of basis is a common law claim for a common law remedy. Laches is not a defence to such a claim, since the equitable doctrine of laches can only bar equitable relief (*Lester v Woodgate* [2010] EWCA Civ 199, [2010] 2 P&CR 14 at [20]-[22] (Patten LJ)).

9. However, limitation is a possible defence. The limitation period for claims in unjust enrichment is 6 years. Although there is no explicit mention of unjust enrichment in the Limitation Act 1980, section 5 of that Act provides that:

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DAVIES DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS
CASE NO. 2:20-CV-09880-JAK-PVC

"An action founded on simple contract shall not be brought after the expiration of six years from the date on which the cause of action accrued." This provision has been consistently interpreted to cover claims in unjust enrichment (see eg the recent decision of the Supreme Court in *Test Claimants in the FII Group Litigation v HMRC* [2020] UKSC 47, [2022] AC 1 at [7] and [141] (Lord Reed and Lord Hodge); A Burrows (now Lord Burrows), *A Restatement of the English Law of Unjust Enrichment* (OUP, 2012) section 30(2)).

10. Under section 5 time begins to run "from the date on which the cause of action accrued". For claims in breach of contract, this is evidently the date of breach. For claims in unjust enrichment on the ground of failure of basis, the law is admittedly less clear, but the preferable view is that time begins to run from the date on which the basis failed, not (if earlier) the date on which the benefit was conferred (*Guardian Ocean Cargoes Ltd v Banco do Brasil SA (The Golden Med) (No.1)* [1994] 2 Lloyd's Rep 152 at 160 (Saville LJ); A Burrows (now Lord Burrows), *A Restatement of the English Law of Unjust Enrichment* (OUP, 2012) p.145). After all, the claimant cannot bring a claim in unjust enrichment before the basis failed, since there would not be an "unjust factor", or "ground of restitution", to support the claim. This approach is consistent with that favoured by the New South Wales Court of Appeal (which is of persuasive authority in England and Wales) in *Nu Line Construction Group Pty Ltd v Fowler* [2014] NSWCA 51 (at [101]-[108] (Barrett JA) and at [194] (Young AJA)), which held that an anticipated contract would be considered to have failed to materialise once the parties no longer share a common intention to make the contract, so that the basis will only have failed at that point (which mirrors the decision of the House of Lords that a restitutionary claim grounded upon frustration will only arise once a contract has been frustrated: *BP Exploration Co (Libya) Ltd v Hunt* [1983] 2 AC 352, 373 (Lord Brandon)).

11. There can be no doubt that English law allows parties to plead claims in the alternative (*Clarke v Marlborough Fine Art (London) Ltd* [2002] 1 WLR 1731). As Carnwath LJ observed in *Binks v Securicor Omega Express Ltd* [2003] EWCA Civ 993, [2003] 1 WLR 2557 at [16], "The tradition of pleading in the alternative is a long one." This applies to both claims and remedies (*Tang Man Sit v Capacious Investments Ltd* [1996] AC 514). It is far from unusual for a claimant to plead damages for breach of contract and restitution for unjust enrichment as alternatives (see eg *Barton v Morris* [2023] UKSC 3, [2023] AC 684; *Whittle Movers Ltd v Hollywood Express Ltd* [2009] EWCA Civ 1189, [2009] 2 CLC 771).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 7, 2023 in London, United Kingdom

/s/ _____
Professor Paul Davies