THOMAS L. STRICKLAND (*Pro Hac Vice*)
thomas.strickland@wilmerhale.com
DAVID W. BOWKER, SBN 200516
david.bowker@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel: 202.663.6000 / Fax: 202.663.6363

CHRISTOPHER T. CASAMASSIMA, SBN 211280
chris.casamassima@wilmerhale.com
ALIX PISANI, SBN 312263
alix.pisani@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: 213.443.5300 / Fax: 213.443.5400

*Attorneys for Plaintiffs*
VANGUARD LOGISTICS SERVICES (USA), INC.,
MAN CAPITAL LLP, OTS TOPCO LIMITED, and
JIFFYSHIP CARGO TECHNOLOGY SOLUTIONS PVT.

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC., MAN CAPITAL LLP, OTS TOPCO LIMITED, AND JIFFYSHIP CARGO TECHNOLOGY SOLUTIONS PVT.<br><br>Plaintiffs,<br>v.<br>FRASER ROBINSON AND BEACON TECHNOLOGIES, LTD.,<br>Defendants<br><br>FRASER ROBINSON,<br>Third-Party Plaintiff,<br>v.<br>MAN CAPITAL LLP,<br>Third-Party Defendant. | Case No.: 2:20-cv-09880-JAK-PVC<br><br>**REPLY IN SUPPORT OF THIRD-PARTY DEFENDANT MAN CAPITAL LLP'S MOTION TO DISMISS FRASER ROBINSON'S THIRD-PARTY COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:       September 11, 2023<br>Time:      8:30 a.m.<br>Place:     Courtroom 10B<br><br>Hon. John A. Kronstadt |

## I. INTRODUCTION

In its motion to dismiss, ManCap established several fatal deficiencies in Robinson's Third-Party Complaint. Robinson's unjust enrichment claim fails because it is not a standalone cause of action in California. Even if it were, it would still fail because it is time-barred and, in any case, he did not plead with sufficient particularity how he supposedly enriched ManCap while stealing from its affiliates. Robinson's alternative claim for breach of contract likewise fails for failure to plead facts demonstrating performance of his contractual obligations to ManCap. Robinson's Opposition says nothing to rebut any of this.

Instead, Robinson attempts to change the subject with technical arguments that also fall short. First, Robinson tries to salvage his unjust enrichment claim by applying English law in disregard of California's choice-of-law rules, which require the application of California law. Second, Robinson pleads facts that are fatal to his breach of contract claim, including for example the fact that he used his time with ManCap and its subsidiaries to start his own copycat competitor, in plain breach of his contractual obligations. Robinson cannot claim breach of a contract for nonpayment of services that he not only did not perform for ManCap but that he performed instead for his own copycat company.

The Court should dismiss Robinson's claims for unjust enrichment and breach of contract.

## II. ARGUMENT

### A. Robinson fails to state a claim for unjust enrichment.

As ManCap explained in its Motion, Robinson's claim for unjust enrichment fails because there is no such thing as a standalone claim for unjust enrichment in California. ECF No. 66 ("ManCap Mot.") at 8-10. Plus, he failed to plead how he supposedly enriched ManCap, and his claim is time-barred by California's statute of limitation and the doctrine of laches. Robinson argues that ManCap failed to

conduct a choice-of-law analysis pointing to California law, but this ignores that the burden is on him to show that foreign law should apply instead. He has failed to do so. He also fails to address the unavailability of unjust enrichment in California and why his claims are not time-barred.

           1.      *California law applies.*

ManCap showed that Robinson's unjust enrichment claim fails under California law, which Robinson does not squarely refute. Instead, he argues that ManCap erred by not presenting a choice-of-law analysis (ECF No. 72 ("Robinson Opp.") at 8, 10), but the burden is squarely on him to establish the applicability of foreign law, which he fails to do. The "California Supreme Court has expressly held that California's choice-of-law analysis, also referred to as the 'governmental interest test,' places the burden on the [proponent of foreign law] to show that another state's law, rather than California law, should apply[.]" *Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 545 (C.D. Cal. 2012) (citing *Washington Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 921 (2001)); *Scherer v. FCA US, LLC*, 565 F. Supp. 3d 1184, 1196 (S.D. Cal. 2021) ("California will apply its own law 'unless a party litigant timely invokes the law of a foreign state.'") (quoting *Chen v. L.A. Truck Ctrs., LLC*, 7 Cal. 5th 862, 867 (2019)). Robinson's argument that the Court should deny ManCap's motion "on its face" for failing to include a choice-of-law analysis (*see* Robinson Opp. at 10), flies in the face of this well-settled precedent. The Court should reject Robinson's attempt to shift the burden on to ManCap.

In any event, California's choice-of-law rules require the application of California law to Robinson's unjust enrichment claim. *See, e.g.*, *Teleflora LLC v. WB Com., LLC*, 2015 WL 13919169, at *2 (C.D. Cal. Sept. 9, 2015) (applying California's choice-of-law rule requiring "governmental interest" analysis in the absence of advance agreement on applicable law); *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996) (applying California's choice-of-

1  law rules in a federal question action exercising supplemental jurisdiction over
2  state claims). California's choice-of-law rule requires application of a
3  "governmental interest" analysis to determine (1) whether there is any substantive
4  difference between California and English law; (2) if so, whether there is a "true
5  conflict" resulting from California and England each having a legitimate interest in
6  having its laws govern Robinson's unjust enrichment claim; and (3) if so, which
7  jurisdiction's interest would be more impaired by not having its laws govern
8  Robison's unjust enrichment claim. *See Rustico v. Intuitive Surgical, Inc.*, 993
9  F.3d 1085, 1091 (9th Cir. 2021).

10   Here, there are substantive differences between California and English law.
11  While England may permit a standalone unjust enrichment claim, California does
12  not recognize such a claim where, as here, there is an available remedy at law.
13  *Compare Dargamo Holdings Ltd. v. Avonwick Holdings Ltd.* [2021] EWCA Civ
14  1149 at ¶ 54 *with Produce Int'l, LLC v. Fresh is Best, Inc.*, 2023 WL 3311113, at
15  *6 (C.D. Cal. Apr. 19, 2023); *see* Section II.A.2, *infra*. Moreover, where a court
16  does permit an equitable claim for unjust enrichment based on a "quasi-contract"
17  theory, the claim is governed by a two-year limitation period under California law,
18  while under English law, the statute of limitations for unjust enrichment is six
19  years. *Compare Wu v. Sunrider Corp.*, 2018 WL 6266577, at *5 (C.D. Cal. May
20  22, 2018), *aff'd*, 793 F. App'x 507 (9th Cir. 2019) (citing Cal Civ. Proc. § 339(1))
21  *with Anron Bunkering DMCC v Glencore Energy UK Ltd* [2023] EWHC 295
22  (Comm).

23   However, there are no "true conflicts" as only California has a legitimate
24  interest in having its law govern an equitable claim and the statute of limitations
25  for the alleged "unjust enrichment" of a company located in this state. According
26  to Robinson, his unjust enrichment claim is based on the allegations that he helped
27  OTS/Vanguard with "the development of the JiffyShip business" and "advised on

1  all matters relating to the digital strategy of OTS/Vanguard." ECF No. 51 ("TP
2  Compl.") ¶¶ 51, 53. Thus, according to his own allegations, the principal
3  beneficiary of Robinson's alleged services is Vanguard—a California company
4  based in Long Beach, California.
5      Indeed, Robinson's alleged consulting services included serving "as an
6  advisor on . . . Vanguard Logistics Services, and its affiliates on digital strategy"
7  and "travel[ing] to Long Beach, California [to Vanguard's headquarters]. . . to help
8  JiffyShip benefit from the learnings of its ManCap affiliates, Vanguard." *See id*.
9  Further, Robinson alleges that the trip was conducted as part of his consulting
10 work. *See, e.g.*, TP Compl. ¶¶ 3, 29, 30. Robinson further alleges that he met with
11 top Vanguard employees both during and after his visit to Vanguard headquarters.
12 *Id.*; *see also* ECF No. 17-2 ¶¶ 42, 44-47. Even where Robinson contends that he
13 performed consulting work while physically based out of London, that work was
14 supposed to be for the benefit of California-based Vanguard. *See, e.g.*, TP Compl.
15 ¶ 3; ECF No. 17-2 ¶¶ 40-47. Accordingly, California's interest in its laws
16 controlling the outcome of this dispute arises, in part, through Vanguard—one of
17 its resident entities (and the original plaintiff in this case)—being a beneficiary of
18 the purported benefit Robinson contends he provided to ManCap. There is no such
19 interest alleged with respect to England.
20     Further, "California's interest in applying its own law is strongest when its
21 statute of limitations is shorter than that of the foreign state, because a state has a
22 substantial interest in preventing the prosecution in its courts of claims which it
23 deems to be 'stale.'" *Deutsch v. Turner Corp.*, 324 F.3d 692, 717 (9th Cir. 2003);
24 *see also id*. ("Only an extraordinarily strong interest of a foreign state in keeping
25 these claims alive could overcome the presumption that California will not hear
26 claims that have been stale for so long under its own law."); *Rustico* at 1092
27 (identifying one purpose of California's statute of limitations as being to "protect[]
28

the courts of the state from the need to process stale claims"). Robinson fails to allege any facts to suggest that England would have any interest in applying its statute of limitation to this claim.

Accordingly, there is no "true conflict" between the interests of California and England. California law therefore applies to this claim and the statute of limitations.

Moreover, Robinson is wrong that the parties agreed to apply English law to his unjust enrichment claim. Assuming, *arguendo*, that the unsigned Consulting Agreement's choice-of-law provision is enforceable at all, that clause provides only that "*This Agreement* will be governed by and construed in accordance with the laws of England." ECF No. 66-4 at ¶ 35 (emphasis added). By definition, the unjust enrichment claim is not a breach-of-contract claim and does not arise out of the parties' agreement. *Aurora Loan Services LLC v. NBGI, Inc.*, 2008 WL 11337647, at *7 (C.D. Cal. 2008) ("Under California law, unjust enrichment is an action in quasi-contract that falls outside of the underlying contract—and any choice of law provisions it may have—at issue.").

      2.    *Under California law, Robinson's claim for unjust enrichment fails.*

Although the question is not entirely settled in California courts, the weight of recent authority supports the conclusion that unjust enrichment in California is a remedy and not a stand-alone cause of action. *See, e.g.*, *Produce Int'l* at *6 ("The Ninth Circuit [] has determined that 'in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'") (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)); *Blue Wing Airlines Finance v. Unical Aviation, Inc. & Platinum Equity*, 2023 WL 3149276, at *2 (C.D. Cal. Mar. 8, 2023) ("[T]he Court follows the more widely accepted principle that there is no separate cause of action for unjust enrichment.")

(recognizing but declining to follow *ESG Capital Partners, Ltd. P'ship v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016)); *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 477 (2022) ("There is no cause of action in California labeled 'unjust enrichment.'"). It is Robinson, not ManCap, who relies on "outdated" precedent by ignoring the most recent authority. Even in the less-recent cases, where courts recognized unjust enrichment as a cause of action based on a quasi-contract theory for restitution, they generally required the claimant to disclaim the existence of a valid or enforceable agreement. *See, e.g.*, *In Re Samsung Galaxy Smartphone Marketing and Sales Practices Litigation*, 2020 WL 7664461, at *12 (N.D. Cal. Dec. 24, 2020) ("Defendants are correct to state that unjust enrichment claims cannot move forward when a contract defining the rights of the parties exists."); *Culver Clinic Development, Inc. v. Harms Software, Inc.*, 2022 WL 79832, at *11 (C.D. Cal. Jan. 7, 2022) ("Plaintiffs' claim fails because they failed to plead the absence of an enforceable contract and instead incorporate by reference all of the preceding allegations."); *Fowler v. Wells Fargo Bank, N.A.*, 2017 WL 3977385, at *5 (N.D. Cal. Sept. 11, 2017) ("[B]ecause this action involves an actual, express agreement, relief under a quasi-contract is unnecessary, and also was not properly pled in the complaint."); *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014). Here, Robinson has alleged the existence of a written agreement between ManCap and Robinson without disclaiming its validity or enforceability.[1] His unjust enrichment claim fails under these circumstances.

---

[1] Even if this court decides that Robinson's unjust enrichment claim is governed by English law, his claim must fail nonetheless. As Professor Paul Davies recognizes, "[A] claim in unjust enrichment might be excluded where the defendant's obligation to pay for the benefit provided by the claimant is governed by a contract[.]" *See* ECF No. 72-1 ¶ 6 (citing *Barton v Morris* [2023 UKSC 3, [2023] AC 684.

1    Robinson's unjust enrichment claim also fails because it is barred by
2  California's statute of limitations.  Robinson does not appear to dispute that in the
3  cases where the court held the minority position and permitted an unjust
4  enrichment claim under a quasi-contract theory, the court applied a two-year
5  statute of limitation, which, in this case, would bar Robinson's claim.  *See Wu* at
6  *5 ("[U]njust enrichment is based on a quasi-contract theory, and is governed by
7  the two-year limitations period") (citing Cal Civ. Proc. § 339(1)).  Robinson
8  instead contends that the timing of Vanguard's initial complaint tolled the timing
9  for Robinson's claims against a different party, ManCap.  Robinson is incorrect
10 because the filing of the complaint against one party does not toll the timing for
11 claims brought against another party.  *See Ford Motor Credit Co. LLC v. Santa*
12 *Ana Lincoln-Mercury*, 2012 WL 12893776, at *2 (C.D. Cal. Nov. 14, 2012) ("As
13 to cross-actions against . . . codefendants or new parties it has regularly been held
14 that the statute of limitations is not tolled by the commencement of the plaintiff's
15 action.") (cleaned up) (citing *Boyer v. Jensen*, 129 Cal. App. 4th 62, 70 (2005) and
16 *City of Oakland v. Hassey*, 163 Cal. App. 4th 1477, 1496 (2008)).  ManCap did not
17 waive this defense when it agreed to be joined as a plaintiff.

18   Robinson's unjust enrichment claim is also time-barred under the doctrine of
19 laches based on unreasonable delay.  As explained in ManCap's motion to dismiss,
20 Robinson slept on his claim for more than four years after the events in question
21 and roughly two-and-a-half years after Vanguard filed its complaint.  ManCap
22 Mot. at 14.  Robinson fails to explain this delay and instead cites inapposite case
23 law holding either that a court will not apply laches to a party that was seeking
24 mandatory administrative remedies or that a court might be hesitant to apply the
25 doctrine of laches where there are facts still needing to be established to assess the
26 reasonableness of the delay.  *See Couveau v. American Airlines, Inc.*, 218 F.3d
27 1078, 1084 (9th Cir. 2000) ("For purposes of laches, we do not generally hold

employment discrimination plaintiffs responsible for delays that occur during their pursuit of administrative remedies."); *McCarthy v. Johannesson*, 2012 WL 12887540, at *4 (C.D. Cal. Dec. 11, 2012) (finding complaint did not provide sufficient information on whether the delay was reasonable). Here, however, the relevant facts are clear, as the majority of Robinson's delay took place after the commencement of this litigation.

Finally, Robinson has failed to sufficiently plead his unjust enrichment claim. Robinson's Opposition provides no additional facts or explanation regarding how he supposedly enriched ManCap. As ManCap explains in its motion to dismiss, Robinson concedes that he was working to establish his own company, at a time when he was supposed to be helping ManCap and its affiliates. *See* ManCap Mot. at 11; TP Compl. ¶ 39 (alleging "Robinson co-founded Global Technology Holdings Ltd., which later became Beacon."); *id*. (alleging "Robinson was jointly working on this new project while still advising ManCap"); *id*. ¶ 44 (alleging "Beacon launched as a digital freight forwarder and supply chain finance firm"). It ought to go without saying that ManCap and its affiliates were injured— *not enriched*—by Robinson's decision to secretly serve his own interests at their expense.

### B. Robinson fails to state a claim for breach of contract.

To survive a motion to dismiss on a breach of contract claim, a plaintiff must allege with specificity facts showing that he either performed his obligations under the contract or that he was excused from doing so. *See, e.g.*, *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014). Robinson fails to allege any such facts. Instead, he pleads only that he "performed all obligations required by him under the contract" (TP Compl. ¶ 75), which is nothing but a conclusory statement of an element of his claim.

1    Missing from his complaint are any assertions of fact that, if true, would be
2 sufficient to show how, when, where, and what he purportedly did to perform his
3 contractual obligations. *See* ManCap Mot. at 15-16. Indeed, Robinson has
4 pleaded himself out of a breach of contract claim by alleging that, instead of
5 fulfilling his obligations to ManCap, he established and launched his own digital
6 and logistics business. TP Compl. ¶¶ 39, 44.

**III.   CONCLUSION**

   Robinson's third-party claims should be dismissed for failure to plead facts that, if true, would show that ManCap was unjustly enriched or that Robinson performed his contractual obligations to ManCap and its affiliates. Moreover, Robinson's unjust enrichment claim fails because there is no such cause of action in California and, even if there were, it would be time-barred by the statute of limitations and the doctrine of laches.

Respectfully submitted,

Dated: August 8, 2023

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/ David W. Bowker
DAVID W. BOWKER
THOMAS L. STRICKLAND
CHRISTOPHER T. CASAMASSIMA
ALIX PISANI

*Attorneys for Third-Party Defendant/Plaintiff MAN CAPITAL LLP and Plaintiffs VANGUARD LOGISTICS SERVICES (USA), INC., OTS TOPCO LIMITED, AND JIFFYSHIP CARGO TECHNOLOGY SOLUTIONS PVT.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Third-Party Defendant Man Capital LLP certifies that this brief contains 9 pages, which:

__  complies with the word limit of L.R. 11-6.1.

X   complies with the page limit set by court order dated March 25, 2019.

Dated: August 8, 2023         **WILMER CUTLER PICKERING HALE AND DORR LLP**

By: */s/ David W. Bowker*
    DAVID W. BOWKER
    THOMAS L. STRICKLAND
    CHRISTOPHER T. CASAMASSIMA
    ALIX PISANI

*Attorneys for Third-Party Defendant/Plaintiff MAN CAPITAL LLP and Plaintiffs VANGUARD LOGISTICS SERVICES (USA), INC., OTS TOPCO LIMITED, AND JIFFYSHIP CARGO TECHNOLOGY SOLUTIONS PVT.*